Filed 5/15/26  P. v. D.M. CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>D.M.,<br><br>  Defendant and Appellant. | B347166<br><br>(Los Angeles County<br>Super. Ct. No. MA071684)<br><br>**ORDER MODIFYING OPINION**<br><br>**[NO CHANGE IN JUDGMENT]** |

THE COURT:

It is ordered that the opinion filed on April 17, 2026, is modified as follows:

On the caption page, second full paragraph starting with "Stephanie Lin", strike the portion of the sentence that states, "under appointment by the Court of Appeal," and replace paragraph with "Neighborhood Legal Services of Los Angeles County and Stephanie Lin"

There is no change in judgment.

HOFFSTADT, P. J.       MOOR, J.       BAKER, J.

Filed 4/17/26  P. v. D.M. CA2/5 (unmodified opinion)

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>D.M.,<br><br>        Defendant and Appellant. | B347166<br><br>(Los Angeles County Super. Ct. No. MA071684) |

APPEAL from an order of the Superior Court of Los Angeles County, Lisa M. Strassner, Judge.  Reversed and remanded, with directions.

Stephanie Lin, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Amanda Lopez and Ryan M. Smith, Deputy Attorneys General for Plaintiff and Respondent.

D.M.[1] appeals from the trial court's order denying her petition for dismissal, pursuant to Penal Code[2] section 1203.4, of her conviction in this case (the Instant Case). D.M. contends that she is entitled to dismissal as a matter of right because she completed all terms of her probation within the probation period. The People claim that dismissal was not mandatory, but within the trial court's discretion, which the court properly exercised. We reverse the trial court's order denying the petition and remand with directions for the trial court to vacate the order and enter a new order granting the petition.

## PROCEDURAL HISTORY[3]

D.M. was charged in the Instant Case in an information filed on September 20, 2017.

On February 28, 2018, D.M. entered a conditional plea of no contest in the Instant Case. Pursuant to the plea agreement, the court struck an enhancement and put over sentencing for two years to permit D.M. to complete 30 days of community labor and 26 weeks of anger management classes. If, within the two years prior to probation and sentencing, D.M. successfully completed

---

[1] Rule 8.90(b)(10) of the California Rules of Court permits us to refer to "[p]ersons in . . . circumstances in which personal privacy interests support not using the person's name. . . ." by their initials or, where the person's first name is not unusual, by first name and last initial.

[2] All further references are to the Penal Code.

[3] We omit a recitation of the facts of the charged offenses as they are not necessary to the resolution of this matter.

these conditions, obeyed all laws and orders of the court, abided by the protective order the court put in place, and paid restitution in the amount of $1,550, D.M. would be permitted to withdraw her plea and have the Instant Case dismissed. If D.M. failed to fulfill all conditions, the agreement would become an open plea, and the court would have discretion to grant D.M. probation and jail time or to sentence D.M. to a term in state prison. D.M. would not be permitted to withdraw her plea. The court released D.M. on her own recognizance and ordered her to probation. The court ordered D.M. to appear in the courtroom for a probation and sentencing hearing in two years, on February 27, 2020.

On May 30, 2018, an information charging D.M. with a new offense was filed in Los Angeles Superior Court Case No. MA073917 (the New Case).[4] The information alleged D.M. committed the offense on or about May 28, 2018.

On July 10, 2018, D.M. pled no contest to the offense charged in the New Case. D.M. agreed, pursuant to the plea agreement in the New Case, that her conviction in the Instant Case would stand, and that at sentencing the court would place her on probation in the Instant Case and then immediately terminate that probation. When the court terminated probation, any conditions that remained unfulfilled in the Instant Case would be transferred to the New Case.

---

[4] We take judicial notice of the Los Angeles Superior Court record in Case No. MA073917. On March 25, 2026, we informed the parties by letter of our intention to take judicial notice in Case No. MA073917, and invited them to submit letter briefs regarding any issues relating to the record to be judicially noticed. D.M. filed a supplemental letter brief stating that judicial notice would be appropriate. The People declined to file a supplemental letter brief.

On July 31, 2018, the court held a hearing to address both cases.[5] The court set forth a disposition in the two cases that had been agreed to by the People and D.M. as follows: D.M. pleaded no contest in count 1 as charged in the New Case and would be placed on four years of formal probation with credit for time served. D.M. would be required to complete a 52-week program and to have no contact with the victim in that case. In the Instant Case—count 2—the court suspended imposition of sentence for three years and granted probation with time served and no other conditions. D.M. was ordered to pay any restitution in the Instant Case as a condition of probation in the New Case. The court then immediately terminated probation in the Instant Case.

On August 8, 2024, the court dismissed the New Case pursuant to section 1203.4.[6]

On April 9, 2025, D.M. petitioned for dismissal in the Instant Case pursuant to section 1203.4, subdivision (a)(1) on the basis that she had fulfilled all the terms of her probation and was entitled to dismissal as a matter of right.[7] D.M. argued she had served all days of required jail time. She asserted that dismissal was therefore mandatory pursuant to section 1203.4, and the

---

[5] Los Angeles Superior Court Judge Shannon Knight took Miller's pleas and sentenced Miller in both cases.

[6] Los Angeles Superior Court Judge Kathleen Blanchard dismissed the New Case.

[7] Los Angeles Superior Court Judge Lisa M. Strassner presided over the section 1203.4 hearing and denied Miller's petition. It is unclear from the record whether the court was aware that the New Case had been dismissed pursuant to section 1203.4 eight months prior to the hearing.

4

court could not deny her petition on the basis that she failed to pay fees. D.M. further argued that under *People v. Johnson* (1955) 134 Cal.App.2d 140, the court was not permitted to consider incidents outside the probation period to deny her petition.

On April 29, 2025, the court held a hearing on D.M.'s section 1203.4 petition. Counsel argued that D.M. was entitled to dismissal as a matter of right because she completed the conditions of her probation. The court stated that D.M. had been placed on four years of probation in the New Case subsequent to pleading no contest to the charged offense in the Instant Case. The court observed that if D.M. had successfully completed probation in the New Case, probation would have concluded in 2022 if there were no revocations. The court was willing to reconsider dismissal in the future if D.M. remained crime-free. D.M. filed a timely appeal of the trial court's order denying her petition.

## DISCUSSION

Section 1203.4, subdivision (a)(1) provides: "When a defendant has fulfilled the conditions of probation for the entire period of probation, or has been discharged prior to the termination of the period of probation, or in any other case in which a court, in its discretion and the interest of justice, determines that a defendant should be granted the relief available under this section, the defendant shall, at any time after the termination of the period of probation, if they are not then serving a sentence for an offense, on probation for an offense, or charged with the commission of an offense, be

5

permitted by the court to withdraw their plea of guilty or plea of nolo contendere and enter a plea of not guilty; or, if they have been convicted after a plea of not guilty, the court shall set aside the verdict of guilty; and, in either case, the court shall thereupon dismiss the accusations or information against the defendant and except as noted below, the defendant shall thereafter be released from all penalties and disabilities resulting from the offense of which they have been convicted, except as provided in [s]ection 13555 of the Vehicle Code."

If the defendant has fulfilled the conditions of probation for the entire period of probation, dismissal is mandatory. (*People v. Daffeh* (2024) 104 Cal.App.5th 790, 796.) If the defendant has not fulfilled the conditions of probation for the entire period of probation or been discharged prior to the termination of the period of probation, the court may still grant relief in its discretion in the interests of justice. (*People v. Guillen* (2013) 218 Cal.App.4th 975, 991.)

Here, D.M. was not on probation in the Instant Case when she committed a new offense and was charged in the New Case. In the Instant Case, the trial court had set the probation and sentencing hearing two years out to permit D.M. to complete certain conditions and potentially avoid both probation and incarceration. After D.M. committed the new offense, the People agreed to have the court place D.M. on probation in the Instant Case, but also to immediately terminate that probation with no conditions other than time served as part of a plea agreement that encompassed the Instant Case and the New Case. Pursuant to that agreement, any conditions that would have applied *before* D.M. was placed on probation in the Instant Case became conditions of her probation in the New Case. The court later

6

dismissed the New Case pursuant to section 1203.4 on August 8, 2024.  As a result of that dismissal, D.M. is no longer on probation or serving a sentence for another offense.  D.M. is therefore entitled to relief under section 1203.4 in the Instant Case as a matter of right.

## DISPOSITION

We reverse the trial court's order denying D.M.'s Penal Code section 1203.4 petition and remand with directions for the court to vacate its order and enter a new order granting the petition.

NOT TO BE PUBLISHED.


MOOR, J.


WE CONCUR:



HOFFSTADT, P. J.



BAKER, J.

7